UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CASEY WILLIAMS,

        Plaintiff,

  v.                                   Civil Action 2:25-cv-1507
                                       Judge Algenon L. Marbley
                                       Magistrate Judge Chelsey M. Vascura

THE VILLAGE OF JUNCTION CITY,
*et al.*,

        Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Seal Complaint (ECF No. 2). Plaintiff seeks an order sealing the Complaint because it "contains details about sealed criminal records, which are confidential under Ohio Revised Code §2953.32(D)." (*Id.* at 2.) Plaintiff also asks that "all subsequent pleadings that mention and discuss said sealed criminal records be accepted for filing under seal." (*Id.*)

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2

(S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit, asserting only that any documents referencing his criminal records (which have already been sealed by an Ohio court under Ohio Revised Code § 2953.32) should be kept private in federal court. But Plaintiff himself has placed his criminal record at issue in this case by advancing claims for retaliatory and malicious prosecution against the officials involved in his prosecution. Indeed, § 2953.34(A)(4) permits inspection of records sealed under § 2953.32 by "a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case." Defendant Amy English, the Chief of Police for Junction City, is just such a law enforcement officer. Under these circumstances, federal district courts have declined to seal documents filed on their own dockets simply because an Ohio court has sealed criminal records at the state level. *See Morrison v. Bd. of Trs. of Green Twp.*, 529 F. Supp. 2d 807, 819 (S.D. Ohio 2007), *aff'd*, 583 F.3d 394 (6th Cir. 2009) (declining to exclude evidence of criminal records sealed under § 2953.32 on summary judgment); *Karl v. Bizar*, No. 2:09-cv-34, 2009 WL 3644115, at *3–4 (S.D. Ohio Oct. 28, 2009) (denying a motion to seal criminal records that had been sealed under § 2953.32, finding that to adopt the movant's argument "would be tantamount to permitting a state court order to override a federal court's

power and discretion to maintain its own records"); *Raj Plastic Surgery, LLC v. Raj*, No. 1:20-CV-00751, 2020 WL 4582690, at *2–3 (N.D. Ohio Aug. 10, 2020) (same).

Because Plaintiff relied solely on § 2953.32 as grounds for sealing the Complaint and subsequent pleadings referencing Plaintiff's criminal records, and because § 2953.32 does not provide sufficient grounds to overcome the presumption of public access to federal court records, Plaintiff's Motion (ECF No. 2) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE