**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

CASEY WILLIAMS,                         :

                 Plaintiff,          :          Case No. 2:25-cv-01507

***vs.***                                     :          Judge Algenon Marbley
                                     Magistrate Judge Chelsea M. Vascura

THE VILLAGE OF JUNCTION CITY, *et al.*,  :

                 Defendants.        :          **JURY DEMAND ENDORSED HEREON**

## ANSWER OF DEFENDANTS THE VILLAGE OF JUNCTION CITY, AMY ENGLISH, AND EDWIN KEISTER

Now comes Defendants the Village of Junction City, Amy English, and Edwin Keister

(hereinafter "Defendants"), by and through counsel, and hereby state as follows for their collective

Answer to Plaintiff's Complaint:

**INTRODUCTORY STATEMENT:**

This is a refiled case, the original case also being filed in this Court being Case No. 2:24-

cv-00106.[1]  Many of the claims are substantively identical to the claims asserted in that original

case.  Compare Exhibit A with Doc. 1.[2]  In Plaintiff's original case, Magistrate Judge Vascura

---

[1] See Ex. A, attached hereto.

[2]  Federal courts have permitted a certain amount of flexibility attends the determination of whether a matter falls "outside the pleading[s]." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). In addition, the courts have "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id*.  Hence, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *McGee v. Simon & Schuster Inc.*, 154 F. Supp. 2d 1308, 1311 n.3 (S.D. Ohio 2001).  If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville*,

issued a Report and Recommendation recommending, among other things, that several of Plaintiff's claims that he has reasserted in this case be dismissed, including Plaintiff's:

(1)     Illegal Search and Seizure claim relative to the police dog, Apollo (Compare Exhibit A, Count 2 and Doc. 1, Count 1);
(2)     Due Process Violations Claim (Compare Exhibit A, Count 3 and Doc. 1, Count 2);
(3)     Alleged Violation of Article 1, Section 16 of Ohio's Constitution Claim (Compare Exhibit A, Count 4 and Doc. 1, Count 2);
(4)     Monell claim (Compare Exhibit A, Count 5 and Doc. 1, Count 7);
(5)     "Attorney Fees" Claim (Compare Exhibit A, Count 6 and Doc. 1, Count 8); and
(6)     Conversion Claim (Compare Exhibit A, Count 8, and Doc. 1, Count 9).

See Exhibit B, Report and Recommendation of Magistrate Judge Vascura, at PageID 31-32 (recommending dismissal of Counts 1 through 8 of Plaintiff's complaint filed in his previously dismissed lawsuit).  At that time, the only claim upon which it was recommended that Plaintiff be permitted to proceed was Count 9, his alleged FLSA Overtime Violations claim.  *Id.*

In his new complaint, in addition to many of the same claims that were recommended to be dismissed previously, Plaintiff also now alleges claims for: (1) Retaliatory Prosecution (Count 4); (2) Malicious Prosecution in violation of the Fourth Amendment (Count 5); (3) Civil Conspiracy (Count 6); (4) Malicious Prosecution under state law (Count 10); (5) Abuse of Process under state law (Count 11); and (6) Intentional Infliction of Emotional Distress (Count 12). (Compare Exhibit A with Doc 1).  It appears that Plaintiff has now abandoned his original claim for Replevin. (Compare Exhibit A with Doc 1).

1.      Responding to paragraphs 1, 2, 3, 4, 5, 6, 7, 18, 75, and 193 of Plaintiff's Complaint, Defendants state and aver that said paragraphs set forth a legal conclusions to which no responsive pleading is required.  To the extent said paragraphs are deemed to allege facts pertaining to Defendants, they are denied.

---

*Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); see also *Delahunt v. Cytodyne Tech.*, 241 F. Supp. 2d 827, 831-32 (S.D. Ohio 2003).

2.      Defendants deny paragraphs 8, 11, 12, 14, 15, 16, 17, 19, 22, 23, 24, 25, 28, 29, 30, 33, 36, 38, 39, 40, 41, 42, 43, 44, 47, 48, 50, 51, 52, 53, 54, 56, 57, 58, 59, 61, 62, 76, 77, 78, 82, 83, 84, 86, 87, 88,[3] 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 194, 195, 196, 197, 198, and 199 of Plaintiff's Complaint.

3.      Defendants admit paragraphs 9 of Plaintiff's Complaint.

4.      Responding to paragraph 10 of Plaintiff's Complaint, Defendants state and aver that Amy English is the current Chief of Police for the Village of Junction City, but deny the remainder of said paragraph.

5.      Responding to paragraphs 13 and 37 of Plaintiff's Complaint, Defendants state and aver that Edwin Keister is the current Mayor of the Village of Junction City, but deny the remainder of said paragraphs.

6.      Upon information and belief, Defendants admit the allegations in paragraphs 20, 55, 69, and 85 of Plaintiff's Complaint.

7.      Responding to paragraph 21 of Plaintiff's Complaint, Defendants state and aver that Joey Carr is the former Chief of Police for the Village of Junction City, but deny the remainder of said paragraph.

---

[3] Plaintiff alleges two paragraphs that are identified as paragraph 88.  See Doc. 1 PageID 12 and 22, respectively.  Both paragraphs are denied.

8. Responding to paragraphs 26 and 27 of Plaintiff's Complaint, Defendants state and aver that Plaintiff briefly served as Interim Chief of Police for the Village of Junction City, but deny the remainder of said paragraph either expressly or for lack of knowledge sufficient to form a belief as to the truth alleged therein.

9. Responding to paragraph 31 of Plaintiff's Complaint, Defendants state and aver that the meeting minutes do state "Apollo was given to Chief Williams by Chief Carr," but further state that this quote is out of context and Plaintiff's characterization of the quote is misleading. While the dog was physically provided to Plaintiff by former Junction City Chief of Police Joey Carr, the dog remained the property of the Village of Junction City at all relevant times. The remainder of said paragraph is denied.

10. Defendants are without knowledge sufficient to form a belief as to the truth alleged in paragraphs 32, 64, 72, and 80 of Plaintiff's Complaint and, therefore, deny the same.

11. Responding to paragraphs 34 and 35 of Plaintiff's Complaint, Defendants state and aver that, upon information and belief, Plaintiff was not and has never been trained as a K-9 handling law enforcement officer. The remainder of said paragraphs is denied.

12. Responding to paragraph 45, 46, 49, 60, and 73 of Plaintiff's Complaint, Defendants state and aver that while it is accurate that Plaintiff claimed there was a dispute concerning Apollo's ownership, Plaintiff's dispute was entirely illegitimate and he had no factual basis to claim ownership of Apollo at any time. The remainder of said paragraphs is denied.

13. Responding to paragraphs 63 and 65 of Plaintiff's Complaint, Defendants state and aver that the dog was eventually sold to another law enforcement agency. The remainder of said paragraphs is denied.

14.     Responding to paragraphs 64, 66, and 67 of Plaintiff's Complaint, Defendants state and aver that Plaintiff appears to have attempted to file what was titled "Motion to Return Property" with Fairfield Municipal Court, but there was no Fairfield Municipal Court Case Number associated with that "filing" and the copy sent to the Village of Junction City contained no time stamp from that Court.  Defendants Counsel for Junction City provided Fairfield Court with a response that was also not filed.  A copy of the transmittal of the response to that Court; the response; and Plaintiff's "filing" are attached hereto as Exhibit C.[4]  The remainder of said paragraphs is denied.

15.     Responding to paragraph 68, Defendants state and aver that Plaintiff's employment was terminated in May 2024 but he had been suspended since on or about January 5, 2024.

16.     Responding to paragraph 70, Defendants state and aver that the meeting minutes of the Village of Junction City speak for themselves and that, the meeting minutes for June 18, 2025, reflect that Police Chief Amy English reported to Council for the Village of Junction City that: "Apollo was sold to NS Officer Greathouse for $1,500." Defendants deny remainder of said paragraph.

17.     Responding to paragraph 71, Defendants state and aver that, upon information and belief, Plaintiff Williams was served with an indictment dated July 25, 2025, for a violation of Revised Code Section 2913.04(D), knowingly gaining access to, attempting to gain access to, causing access to be granted to, or disseminating information gained from access to the Ohio law enforcement gateway established and operated pursuant to division (C)(1) of section 109.57 of the Revised Code without consent of, or beyond the scope of the express or implied or consent of, the superintendent of the bureau of criminal identification and investigation.  Upon information and

---

[4] See fn. 2, *supra*.

belief, that indictment was signed by the Perry County Prosecuting Attorney and the Foreman of the Grand Jury.  Defendants deny remainder of said paragraph.

18.     Responding to paragraph 81, Defendants state and aver that the correspondence between Plaintiff and Chief English speaks for itself.

19.     Responding to paragraphs 74 of Plaintiff's Complaint, Defendants state and aver that Chief English submitted charges to the prosecutor, but the State of Ohio is the complainant in any proceeding indictment of criminal proceedings. Defendants deny remainder of said paragraph.

20.     Responding to paragraph 79 of Plaintiff's Complaint, Defendants state and aver that, upon information and belief, the prosecution invoked nolle prosequi of the underlying criminal proceedings.

21.     Defendants deny all Plaintiff's remaining allegations.

22.     Defendants deny all allegations not specifically admitted to be true herein.

## AFFIRMATIVE DEFENSES

23.     There has been or may have been a failure of service and service of process.

24.     Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, as well as immunity from punitive damages. This includes, but is not limited to the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744 et. seq.

25.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

26.     Plaintiff failed to mitigate his damages in whole or in part.

27.     Plaintiff has failed to state a claim upon which relief may be granted.

6

28. Plaintiff's own contributory and/or comparative negligence, assumption of the risks and/or failure to conduct due diligence may have caused or contributed to cause the injuries and damages of which she complains.

29. Plaintiff failed to exhaust his administrative remedies.

30. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

31. Defendants hereby reserve the right to assert any additional avoidance or defense for which discovery reveals a basis.

**WHEREFORE**, Defendants asks the Court to deny all of Plaintiff's claims and requests for relief, dismiss this action and tax all costs of this case to Plaintiff.

Respectfully submitted,

/s/ Matthew S. Teetor
Matthew S. Teetor              (0087009)
J. Stephen Teetor              (0023355)
TEETOR | WESTFALL
200 E. Campus View Blvd., Ste. 200
Columbus, Ohio 43235
 (614) 412-4000   |   Fax (614) 412-9012
email: mteetor@teetorlaw.com
          steetor@teetorlaw.com
*Attorney for Defendants*

### JURY DEMAND

Defendants demand a trial by jury by the maximum number of jurors permitted.

/s/ Matthew S. Teetor
Matthew S. Teetor              (0087009)

7

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February, 2026, I electronically filed the foregoing with the Clerk of Court using the Court's authorized electronic filing system and a copy of the foregoing document was served via regular U.S. Mail, postage pre-paid, email, and/or this Court's electronic filing system upon the following:

DanaMarie K. Pannella (#0090221)
HOLLAND & MUIRDEN
1343 Sharon-Copley Road, P. O. Box 345
Sharon Center, Ohio 44274
(330) 239-4480; Fax (330) 239-6224
E-mail: dpannella@hmlawohio.com
Attorney for Plaintiff

/s/  Matthew S. Teetor
Matthew S. Teetor                (0087009)

8